IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CLARENCE ROULHAC, JR.,  )
                                                              )
     Petitioner,                        )
                                                              )
v.                                                           )   Civil Action No. 3:14CV211–HEH
                                                              )
JEFFREY N. DILLMAN,         )
                                                              )
     Respondent.                 )

**MEMORANDUM OPINION**
(Dismissing Successive 28 U.S.C. § 2254 Petition)

Petitioner, Clarence Roulhac, Jr., a Virginia prisoner proceeding *pro se*, submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions for murder and arson in the Circuit Court of the City of Portsmouth. By Memorandum Opinion and Order entered on November 3, 2000, the Court denied Roulhac's prior § 2254 petition challenging the same convictions. *Roulhac v. Baskerville*, No. 3:00cv160 (E.D. Va. Nov. 3, 2000).

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C.

§ 2244(b)(3)(A). Because Roulhac has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2254 petition, this Court lacks jurisdiction to entertain the present § 2254 petition. Accordingly, the action will be dismissed for lack of jurisdiction.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Roulhac is entitled to further consideration in this matter. A certificate of appealability will be denied.

An appropriate Order shall issue.

Date: May 9 2014
Richmond, Virginia

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

2